J-S76038-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHRISTOPHER PAUL GLENN | : | |
| | : | |
| Appellant | : | No. 924 WDA 2018 |

Appeal from the Judgment of Sentence Entered May 14, 2018
In the Court of Common Pleas of Beaver County Criminal Division at
No(s):  CP-04-CR-0000645-2017,
CP-04-CR-0000646-2017, CP-04-CR-0000828-2017

BEFORE:  BENDER, P.J.E., KUNSELMAN, J., and MURRAY, J.

MEMORANDUM BY MURRAY, J.:                **FILED DECEMBER 24, 2018**

Christopher Paul Glenn (Appellant) appeals from the judgment of sentence imposed following the entry of his guilty plea to three counts of possession with intent to deliver and one count of fleeing or attempting to elude a law enforcement officer.[1]  Additionally, Appellant's counsel, Frank N. Paganie, Esquire (Counsel), seeks to withdraw from representation pursuant to ***Anders v. California***, 386 U.S. 738 (1967) and ***Commonwealth v. Santiago***, 978 A.2d 349, 361 (Pa. 2009).  Based upon our Supreme Court's recent decision in ***Commonwealth v. Walker***, 185 A.3d 969 (Pa. 2018), we quash the appeal and dismiss Counsel's petition to withdraw.

The trial court detailed the relevant procedural history of this case as follows:

_____

[1] 35 P.S. § 780-113(a)(30); 75 Pa.C.S.A. § 3733(a).

At issue are three separate cases. At Case No. 645 of 2017, an Information was filed on May 15, 2017, charging [Appellant] with thirty-four counts, including, *inter alia*, fleeing and attempting to elude a law enforcement officer, and possession with intent to deliver heroin. At Case No. 646 of 2017, an Information was filed on May 15, 2017, charging [Appellant] with additional drug offenses involving heroin. At Case No. 828 of 2017, an Information was filed on June 12, 2017, charging [Appellant] with further drug offenses involving heroin. On May 14, 2018, [Appellant] entered a plea in each case. [Appellant] pled guilty to one count of possession with intent to deliver heroin in each of his three cases, with an additional count of fleeing and attempting to elude a law enforcement officer at Case No. 645 of 2017. [Appellant] waived his right to a presentence report and was sentenced in each case on the same day. By agreement of the parties, the sentence imposed at each count and in each case were [to] run concurrent to each other, for an aggregate sentence of thirty-six to seventy-two months.[FN] 1

> [FN] 1 On May 18, 2018 the Court *sua sponte* entered an Amended Sentence Order in each case, reclassifying amounts of restitution as costs of prosecution. ***See Commonwealth v. Baney***, 2018 PA Super 131, --- A.3d --- (Pa. Super. 2018) ("We caution courts and counsel in such cases of the necessity of the accurate use of the terms, "restitution" and "costs of prosecution" at sentencing when attempting to recover "buy money," grand jury costs, and costs of investigations, or witness fees.").
>
> On May 21, 2018, [Appellant's] counsel filed a Post Sentence Motion at Case No. 645 of 2017, noting that the Court made an error on the Sentence Order at Case No[.] 645 of 2017, sentencing [Appellant] to thirty-six to seventy-two months on Count 3, when the agreement of the parties was twenty-four to forty-eight months for that count. The Court entered another Amended Sentence Order at Case No. 645 of 2017, noting the error, granting [Appellant's] Post-Sentence Motion, and correcting the sentence to reflect the agreement of the parties.

Trial Court Opinion, 7/20/18, at 1-2. Appellant filed a timely notice of appeal on June 11, 2018.[2]

At the outset, we must address the fact that Appellant filed a single notice of appeal with issues that relate to three different docket numbers. The Official Note to Rule 341 of the Pennsylvania Rules of Appellate Procedure provides, in relevant part:

> Where, however, one or more orders resolves issues arising on more than one docket or relating to more than one judgment, separate notices of appeals must be filed. **Commonwealth v. C.M.K.**, 932 A.2d 111, 113 & n.3 (Pa. Super. 2007) (quashing appeal taken by single notice of appeal from order on remand for consideration under Pa.R.Crim.P. 607 of two persons' judgments of sentence).

Pa.R.A.P. 341, Official Note.

Until recently, it was common practice for courts of this Commonwealth to allow appeals to proceed, even if they failed to conform with Pa.R.A.P. 341.

> While our Supreme Court recognized that the practice of appealing multiple orders in a single appeal is discouraged under Pa.R.A.P. 512 (joint appeals), it previously determined that "appellate courts have not generally quashed [such] appeals, provided that the issues involved are nearly identical, no objection to the appeal has been raised, and the period for appeal has expired." **K.H. v. J.R.**, 826 A.2d 863, 870 (Pa. 2003) (citation omitted).

---

[2] On June 7, 2018, prior to filing his Notice of Appeal, Appellant filed a *pro se* motion to dismiss in all three cases based on Pennsylvania Rules of Criminal Procedure 600 and 582. Appellant also filed a *pro se* motion seeking to withdraw his guilty plea. Because Appellant was represented by counsel at the time he filed the *pro se* motions, on June 18, 2018, the trial court properly concluded that the motions were an impermissible form of hybrid representation and were "legal nullities." Order 6/18/18, at 2 (citing **Commonwealth v. Mason**, 130 A.3d 601, 671 (Pa. 2015)).

*In the Interest of: P.S.*, 158 A.3d 643, 648 (Pa. Super. 2017) (footnote omitted).

However, on June 1, 2018, our Supreme Court, in *Walker*, held that this practice violates Pennsylvania Rule of Appellate Procedure 341, and the failure to file separate notices of appeal for separate dockets **must** result in quashal of the appeal. *See Walker*, 185 A.3d at 977.  In particular, the Court concluded that "[t]he Official Note to Rule 341 provides a bright-line mandatory instruction to practitioners to file separate notices of appeal. . . . The failure to do so requires the appellate court to quash the appeal." *Id.* at 976-77.

Because the mandate in the Official Note was contrary to "decades of case law from this Court and the intermediate appellate courts," the *Walker* Court announced that its holding would apply prospectively only. *Id.* at 977. Only appeals filed after June 1, 2018, the date *Walker* was filed, would require the filing of separate notices of appeal. *Id.*

Here, Appellant's notice of appeal was filed on June 11, 2018.  Although the trial court addressed the merits of Appellant's issues in its 1925(a) opinion, under current precedent, our Supreme Court has mandated that "when a single order resolves issues arising on more than one lower court docket, separate notices of appeal must be filed.  The failure to do so will result in quashal of the appeal." *Id.*  Thus, because Appellant's notice of appeal, which arises from multiple dockets, was filed after *Walker*, we must quash the appeal.

Appeal quashed.  Petition to withdraw as counsel dismissed.  Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  12/24/2018